IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT LEISHER, ) | |
| ID # 1969543, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:16-CV-2836-B (BH) |
| ) | |
| LORIE DAVIS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**I.  BACKGROUND**

Robert Leisher (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.     State Court Proceedings**

The State indicted Petitioner for fraudulent use or possession of identifying information in Cause No. F14-57156. (*See* doc. 15-6 at 8.)[1] On November 20, 2014, he pleaded guilty without a plea agreement in Criminal District Court No. 2 of Dallas County, Texas. (*See id*. at 23).

In the plea papers, Petitioner stated that he was mentally competent. (*See id*. at 27.) He

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

understood the accusation against him, the range of punishment, and the consequences of a guilty plea. (*See id.*) He understood and waived his rights. (*See id.*) He admitted that he committed the offense and affirmed that his plea was freely and voluntarily made. (*See id.*) He stated that counsel had explained the admonitions and warnings regarding his rights and his plea, that he read and understood the admonitions and warnings, and that his statements and waivers were knowingly, freely, and voluntarily made. (*See id.*) Counsel stated in the plea papers that he believed that Petitioner was competent. (*See id.*)

At the plea hearing, Petitioner stated that he understood the papers that he signed and counsel explained the plea papers and the indictment to him. (*See* doc. 15-5 at 6.) Petitioner stated that he had a long history of methamphetamine abuse, and he was diagnosed with bipolar disorder. (*See id.* at 9-10.) He was not receiving medication for it. (*See id.* at 10.) He testified at length about the facts of the offense, his criminal record, and his ability to successfully complete probation. (*See id.* at 10-20.) It appeared to the court that Petitioner was mentally competent. (*See* docs. 15-5 at 8; 15-6 at 24.) Petitioner was convicted, and although the prosecutor recommended a 10-year sentence, the court imposed a sentence of 30 years' imprisonment. (*See* docs. 15-5 at 22; 15-6 at 23.)

The judgment was affirmed on appeal. *See Leisher v. State*, No. 07-14-00441-CR, 2015 WL 1743476 (Tex. App. – Amarillo Apr. 16, 2015). The Texas Court of Criminal Appeals denied his petition for discretionary review. *See Leisher v. State*, No. 560-15 (Tex. Crim. App. June 24, 2015). Petitioner's state habeas application was signed on July 22, 2015, and received by the court on August 17, 2015. (*See* doc. 15-12 at 5, 21.) It was denied without written order on the findings of the trial court on October 21, 2015. (*See* doc. 15-11); *see Ex parte Leisher*, WR-74,134-02 (Tex. Crim. App. Oct. 21, 2015).

B.  **Substantive Claim**

Petitioner's habeas petition, signed on October 1, 2016, contends that counsel was ineffective for failing to request a competency hearing. (*See* docs. 3 at 6; 4.) Respondent filed a response on March 3, 2017. (Doc. 14.)

## II.  APPLICABLE LAW

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v.*

3

*Johnson*, 532 U.S. 782, 792 (2001).  Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Williams*, 529 U.S. at 407.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact.  *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. art. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense.  *Id.* at 687.  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.  *Id.* at

4

696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274,

5

282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Petitioner contends that counsel was ineffective for not requesting a competency hearing. Due process requires that a criminal defendant be competent to stand trial before he is prosecuted. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). "[T]he Constitution does not permit trial of an individual who lacks 'mental competency.'" *Indiana v. Edwards*, 554 U.S. 164, 170 (2008). A person lacks mental competency if "he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

Petitioner claims that he told the court that he had bipolar disorder but was not taking his medication in jail. He contends that the prosecutor offered a plea agreement for a 10-year sentence and he refused that plea offer because he had delusional episode and believed that the punishment was capped at 10 years, and that the court could assess a sentence lower than 10 years.

The appellate court addressed Petitioner's competency. It stated that "[a]lthough there was testimony from [Petitioner] that he was not taking medication for his bipolar disorder, his testimony was lucid and gave no indication of impairment." *Leisher*, 2015 WL 1743476 at *1.

Counsel submitted an affidavit in the state habeas proceeding. She stated that she explained the punishment range to Petitioner. The prosecutor offered a plea agreement with a ten-year sentence. Petitioner did not accept the offer. Counsel stated that Petitioner wanted to enter an open plea of guilty, if the prosecutor would request no more than a 10-year sentence. No one promised Petitioner that his punishment was capped at 10 years. Counsel stated that Petitioner understood the proceedings. (*See* doc. 15-12 at 85.)

6

The state habeas court found that Petitioner rejected the State's plea offer of a 10-year sentence and that he chose to enter an open plea of guilty, provided that the prosecutor would not request more than a 10-year sentence. Neither counsel nor the prosecutor promised Petitioner that his sentence would not exceed 10 years. Although the prosecutor asked for a sentence of 10 years' imprisonment, the court assessed a 30-year sentence. (*See id*. at 77, 82.) The habeas court also found that:

> The record from the plea hearing indicates that [Petitioner] was able to communicate with the Court in a lucid manner. In fact, the Court stated that [Petitioner] appeared to be competent.
>
> There is no evidence in the record that [Petitioner] was incompetent to enter his guilty plea. Defense counsel signed a written acknowledgment that she believed [Petitioner] was competent. [Petitioner] has failed to demonstrate that he was unable to communicate with counsel or that he did not understand the proceedings.

(*See* doc. 15-12 at 82.) The habeas court concluded that Petitioner failed to present evidence that his bipolar disorder or mental illness rendered him incompetent to plead guilty, and that he failed to prove that he received ineffective assistance of counsel. (*See id*. at 83.)

Petitioner has not shown that there was a basis for counsel to doubt his competency and move for a competency hearing. He also has not shown that he was incompetent. He has not shown that the state court's rejection of this claim was unreasonable.

## IV.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## V.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with

7

prejudice.

      **SO RECOMMENDED** this 27th day of July, 2018.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8